UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ZBIGNIEW ROZBICKI,                :
                                  :
     Plaintiff,                   :
                                  :
v.                                :    Case No. 3:14-cv-1422 (RNC)
                                  :
MAX CYCLES CT, LLC, et al.,       :
                                  :
     Defendants.                  :

## RULING AND ORDER

Plaintiff Zbigniew Rozbicki brings this action against Max Cycles CT, LLC ("Max Cycles CT") and BMW of North America, LLC ("BMW") seeking damages for injuries sustained in a motorcycle accident. The complaint alleges that the accident was caused by the failure of the motorcycle's anti-lock brake system ("ABS"), misrepresentations regarding the safety of the motorcycle and inadequate dashboard warnings of the ABS failure.[1] Max Cycles CT has moved for summary judgment as to Count II, arguing that it is incorrectly named as a defendant. In response, plaintiff has moved for leave to amend to substitute the proper defendant. In addition, both defendants have moved for summary judgment contending that plaintiff cannot prove his claims at trial. For the reasons that follow, plaintiff's motion for leave to amend is granted and the motions for summary judgment are denied.

---

[1] Plaintiff asserts five claims in his amended complaint. Counts I and II are against Max Cycles CT for negligence and strict liability, respectively. The remaining counts are against BMW for strict liability, negligence and breach of warranty.

1

I. Background

On August 26, 2012, plaintiff was operating his 2007 BMW K1200Rsport motorcycle in Ancram, New York. According to his account, he was operating the motorcycle on Country Route 3 when he slowed down to make a turn onto Roche Drive. He was leaning slightly left and traveling approximately thirty miles per hour. When he applied the front brake with normal, gradual pressure, the motorcycle's front wheel locked and the motorcycle went down. At the time of the accident, Rozbicki had forty-five years of experience riding motorcycles with and without ABS.

Approximately one month before the accident, in mid-June 2012, Rozbicki noticed that the "BRAKE FAILURE" light on the motorcycle dashboard was illuminated. He brought the motorcycle to a friend, Rick Bell, and asked him to check the brakes. Per Bell's instructions, Rozbicki made an appointment at Max Cycles CT for June 29, 2012, and took his motorcycle there for brake repairs that day. At the conclusion of the appointment, Rozbicki received a receipt for work performed that stated: "CODES STORED FOR NO POWER TO ABS PUMP. FAULT PRESENT."

II. Max Cycles CT's Motion for Summary Judgment on Count II and Plaintiff's Motion for Leave to Amend

In Count II, plaintiff alleges that Max Cycles CT is strictly liable as the seller of the motorcycle. To recover under strict liability, the plaintiff must show that the defendant was a product seller. Metro. Prop. & Cas. Ins. Co. v.

2

Deere & Co., 302 Conn. 123, 131, 25 A.3d 571, 579 (2011). Max Cycles CT moves for summary judgment on the ground that it did not sell the motorcycle. ECF No. 96. In response, plaintiff moves for leave to amend to substitute the proper defendant, Max Stratton d/b/a Max BMW Motorcycles ("Stratton"). ECF No. 111.[2] Max Cycles CT argues that the statute of limitations has passed and an amended complaint adding a new defendant to Count II should not be allowed to relate back to the time of the original filing.

An amended complaint substituting a party as a defendant can relate back if the party received notice of the lawsuit such that it will not be prejudiced in defending on the merits and knew or should have known the action would have been brought against it but for a mistake. Fed. R. Civ. P. 15(c)(1). The rule "asks what the prospective defendant knew or should have known . . . not what the plaintiff knew or should have known at the time of filing [the] original complaint." Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 548 (2010).

I conclude that the proposed amended complaint naming Stratton as the defendant on Count II satisfies the requirements of Rule 15(c)(1). Based on the parties' submissions, it is reasonable to infer that Stratton had timely notice of this

---

[2] The parties appear to agree that plaintiff purchased the motorcycle from a Max BMW Motorcycles dealership in Brunswick, New York, owned by Max Stratton d/b/a Max BMW Motorcycles.

lawsuit. There are several Max BMW locations and it appears that Stratton owns and controls all of them. It would be surprising if Stratton did not receive notice of the lawsuit soon after it was filed. There is no suggestion that Stratton will be prejudiced in defending on the merits if the amended pleading is allowed. And it is reasonable to think Stratton knew or should have known the plaintiff made a mistake in naming Max Cycles CT as the seller. Therefore, plaintiff's motion for leave to amend is granted and Max Cycles CT's motion for summary judgment as to Count II is denied as moot.

III. <u>Defendants' Joint Motion for Summary Judgment</u>

Defendants move for summary judgment contending that plaintiff cannot prove any of his claims at trial. They contend that whether the ABS failed and the ABS warnings were inadequate are matters requiring expert testimony and that plaintiff's expert witnesses should not be permitted to testify. In the absence of competent and reliable expert testimony on accident reconstruction and warning systems, they argue, plaintiff's claims must fail as a matter of law.[3] In addition, they contend that plaintiff cannot meet his burden of proving that the warnings he claims should have been given would have altered his

---

[3] Defendants also move to strike, in part, affidavits included in plaintiff's opposition to the motion for summary judgment. "On a summary judgment motion, the district court properly considers only evidence that would be admissible at trial." <u>Nora Beverages, Inc. v. Perrier Group of America, Inc.</u>, 164 F.3d 736, 746 (2d Cir. 1998). The Court has disregarded any inadmissible evidence in deciding this motion and, accordingly, the motion to strike is denied as moot.

behavior to prevent the accident.  I agree that expert testimony is needed.  I also agree that plaintiff may well have difficulty persuading a jury that his behavior would have been altered.  In the absence of a better developed record, however, I conclude that the motion for summary judgment must be denied.

A. <u>Expert Testimony</u>

Plaintiff has disclosed two liability experts: Kristopher Seluga and Albert Angelovich.  Seluga has testified that the accident occurred when the front tire of the motorcycle skidded on gravel after Rozbicki applied the brakes and the accident would not have occurred if the motorcycle's ABS system had been working properly.  Angelovich has testified that the ABS warning signal on the dashboard of the motorcycle should have included "ABS" lettering, rather than simply stating "BRAKE FAILURE," and the absence of a proper ABS warning signal caused the accident.  Defendants contend that the testimony of both witnesses is inadmissible in its entirety.

Under Federal Rule of Evidence 702, expert testimony is admissible if it will help the jury understand the evidence or determine a fact in issue, is based on sufficient facts or data, is the product of reliable principles and methods, and the expert has reliably applied the principles and methods to the facts of the case.  Normally, a challenge to the admissibility of expert testimony is presented by a motion in limine under Federal Rule

of Evidence 104(a).  When a motion in limine challenges the admissibility of expert testimony, the Court may, if necessary, conduct an evidentiary hearing.  When a motion for summary judgment turns on the admissibility of expert testimony, a Rule 104(a) hearing ordinarily precedes consideration of the motion.

In this case, defendants' submissions in support of their joint motion for summary judgment fall short of demonstrating that neither of the plaintiff's experts should be allowed to testify.  Seluga is a licensed professional engineer in New York and Connecticut who has provided expert opinions on accident reconstruction in hundreds of cases.  In preparing his accident reconstruction in this case, he inspected the accident site, and reviewed police reports, photos of the scene, plaintiff's medical records, the motorcycle's Rider Manual and the deposition testimony of the witnesses.  Defendants argue that Seluga's experience is not motorcycle-focused and his accident reconstruction is speculative.  I am not persuaded that his lack of prior experience as an expert in a case involving a motorcycle accident disqualifies him from testifying in this case or that his testimony would not be helpful to the jury.

The admissibility of the testimony of Angelovich presents a closer question.[4]  Angelovich is an engineer whose relevant experience includes designing helicopter dashboard displays.  In

---

[4] Plaintiff has moved to supplement Angelovich's opinion with additional affidavits.  The motion is granted.

addition, he has fifty years of experience riding and maintaining motorcycles. As defendants argue, however, he apparently has no experience in motorcycle safety design, his work on dashboard displays for helicopters ended when he retired 17 years ago and he had little knowledge of how ABS systems functioned prior to his involvement in this case.

Angelovich's lack of experience designing and evaluating safety warnings for motorcycles is troubling. Even so, I am not persuaded that his testimony must be excluded in its entirety. Angelovich's education, training and experience as an engineer may qualify him to provide testimony on technical matters relating to safety warnings and dashboard displays that will assist the trier of fact in understanding and determining a fact in issue. In formulating his opinions in this case, he visited the accident scene and spent substantial time inspecting dashboard warnings of an identical motorcycle. Since his deposition, he has reviewed applicable federal and international standards regarding ABS warning signals. On the limited record before me, I cannot conclude that his testimony is wholly inadmissible.[5]

---

[5] Plaintiff argues that his failure to warn claim does not require expert testimony because the jury merely has to examine the "Brake Failure" warning light to determine that it failed to provide adequate warning. I disagree that a jury can be expected to make a proper determination of the adequacy of the "Brake Failure" warning light simply by looking at it themselves. Whether the "Brake Failure" warning was inadequate requires consideration of technical matters that are a proper subject of

B. <u>Plaintiff's Burden</u>

Defendants contend that plaintiff is unable to meet his burden of proving that a warning light with "ABS" lettering would have helped prevent the accident. They point out that he was on notice of a brake problem and knew from his years of riding motorcycles that he had to brake differently depending on whether the motorcycle had ABS. These facts do pose an obstacle for the plaintiff to overcome. On the present record, however, I cannot conclude that a jury would have to reject the plaintiff's claim.

IV. <u>Conclusion</u>

To recap: plaintiff's motion for leave to amend, ECF No. 135, is granted; Max Cycle CT's motion for summary judgment, ECF No. 96, is denied as moot; defendants' motion for summary judgment, ECF No. 95, is denied; and plaintiff's motion for leave to supplement Angelovich's opinion, ECF No. 134, is granted.

So ordered this 27th day of September 2017.

 Robert N. Chatigny
 United States District Judge

---

expert testimony.