```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

ZBIGNIEW ROZBICKI,              :
                                :
    Plaintiff,                  :
                                :
v.                              :    Case No. 3:14-cv-1422 (RNC)
                                :
MAX CYCLES CT, LLC, et al.,     :
                                :
    Defendants.                 :

RULING AND ORDER

Plaintiff moves for leave to reopen expert discovery (ECF No. 223). The motion is denied for substantially the reasons stated by the defendants in their response to the motion (ECF No. 226, 227).

I. Background

In 2014, plaintiff brought this products liability action in state court seeking damages for injuries sustained in a motorcycle accident that occurred in 2012. The complaint alleged that the accident was caused by failure of the motorcycle's anti-lock brake system ("ABS"), misrepresentations regarding the safety of the motorcycle, and inadequate dashboard warnings of ABS failure.

The action was removed to this court and a motion to remand was denied. Pursuant to the Rule 26(f) Report submitted by the parties, all discovery was to be completed by December 2015. The discovery deadline was later extended until September 2016. Plaintiff disclosed two experts within the time permitted by

scheduling orders.  The defendants deposed the plaintiff's experts and provided expert discovery in return.  Discovery closed on January 31, 2017.  See Minute Entry of Nov. 4, 2016 (ECF No. 84).

In December 2016, defendants moved to preclude plaintiffs' proposed experts and for summary judgment.  Plaintiff opposed the motions and moved for leave to amend the complaint to substitute new defendants: Max Stratton and Max Cycles NY.  On April 27, 2017, the motions were argued and taken under advisement.  On September 29, 2017, the defendants' motions for summary judgment were denied and the plaintiff's motion for leave to amend was granted.  See Order (ECF No. 164).

II. Legal Standard

"Once the deadline for discovery has passed, discovery may be reopened only for good cause." Solman v. Corl, No. 3:15-cv-1610(JCH), 2016 WL 6433829, at *2 (D. Conn. Oct. 31, 2016) (citing Fed. R. Civ. P. 16(b)(4)). "Good cause may be shown if a party cannot, despite [his] due diligence, reasonably meet the schedule.  The requisite good cause is based on factors such as the diligence *vel non* of the party requesting an extension, bad faith *vel non* of the party opposing such extension, the phase of the litigation and prior knowledge of and notice to the parties." Id. (quoting Gavenda v. Orleans Cty., No. 95CV0251E(SC), 1996 WL 377091, at *1 (W.D.N.Y. June 19, 1996)).

2

III. Discussion

Plaintiff requests an opportunity to disclose an expert who will state that "the failure of the ABS below 6,000 miles is a different species of product defect in this case." Pl. Mot. To Reopen, at *4 (ECF No. 223). Plaintiff states that he "already has reason to believe that there may be an issue with early ABS failures prior to this accident." Id. Defendants oppose the motion to reopen expert discovery on the ground that plaintiff has failed to show good cause. I agree that the good cause standard, which governs this motion, has not been met.

Premature failure of the ABS system was alleged in the initial complaint and in each amended complaint. See Compl. ¶ 17(e) (ECF No. 1-1); First Amended Compl. ¶ 30(e) (ECF No. 29); Second Amended Compl. ¶¶ 78(e), 90(b)-(c), 104(a)-(c) (ECF No. 92). Plaintiff was obliged to disclose an expert on this theory of product defect within the time permitted for expert discovery by the scheduling orders. He has not shown that he was diligent in attempting to meet the discovery deadline and there is no reason to think he was prevented from meeting the deadline despite the exercise of due diligence. Moreover, the stage of the case weighs heavily against reopening expert discovery. The case is almost four years old. The discovery deadline, originally set for December 2015, expired over a year ago in January 2017. Motions to preclude plaintiff's experts and for

3

summary judgment have been adjudicated.  The parties should be preparing for trial.

Plaintiff argues that counsel for the defendants agreed to reopen discovery in conjunction with the addition of the new defendants.  Defense counsel respond that their consent to the plaintiff's proposed discovery order was premised on the understanding that any additional discovery would be directed to potential liability issues pertaining solely to Max Cycles NY - not to product defect theories that have been alleged in the plaintiff's pleadings since 2014.  That makes sense to me.  In any event, agreement of counsel does not provide good cause for reopening discovery.

Though the period for expert discovery will not be reopened to enable plaintiff to disclose an expert on the premature failure of the ABS system, plaintiff's already-disclosed experts will be permitted to testify in support of the claims against the new defendants in conformity with their expert reports.  Plaintiff and the new defendants also may conduct written discovery to be completed before June 30, 2018.

So ordered this 7th day of May 2018.

/S/<br>Robert N. Chatigny<br>United States District Judge